IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EDWARD HANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 06-195-GPM |
| | ) | |
| ANTHONY A. RAMOS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendants Goforth, Mueller, Moore, Murray, Miller, Waller, Vasquez, McDaniels, Ramos, Meek, and Walker for exposing him to excessive levels of environmental tobacco smoke.

**COUNT 2:** Against Defendant Ravanam for insufficient medical treatment.

**COUNT 3:** Against unspecified defendants for inadequate facilities in the recreational yard and unhealthy shower procedures.

**COUNT 4:** Against Defendants Shores, Ramos, Vasquez, and Uchtman for an unjustified disciplinary ticket.

**COUNT 5:**   Against unspecified defendants for interfering with his religious practices.

**COUNT 6:**   Against unspecified defendants for limiting his access to the law library and interfering with his mail.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

## COUNT 1

Plaintiff states that he suffers from high blood pressure and his condition is exacerbated by exposure to cigarette smoke in or near his cell. He alleges, generically, that he has complained verbally or in writing to Defendants Goforth, Mueller, Moore, Murray, Miller, Waller, Vasquez, McDaniels, Spiller, Ramos, Meek, and Walker, to no avail.

The Supreme Court has held that an inmate "states a cause of action under the Eighth Amendment by alleging that petitioners have, with deliberate indifference, exposed him to levels of ETS [environmental tobacco smoke] that pose an unreasonable risk of serious damage to his

future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993); *see also Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

Based on the allegations in the complaint, the Court is unable to dismiss Count 1 at this point in the litigation.

### COUNT 2

Plaintiff alleges that Defendant Ravanam has not provided him with adequate medical care for his high blood pressure.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

Exhibits attached to the complaint contradict Plaintiff's assertions. Several pages of medical records illustrate regular monitoring of his blood pressure. Other entries indicate visits for particular complaints related to his blood pressure, and Plaintiff readily admits that he takes various prescription medications to treat his condition. Therefore, the Court cannot find that Ravanam has neglected Plaintiff's medical care, and Count 2 is dismissed from this action with prejudice.

### COUNT 3

Plaintiff next complains that there is no toilet facility in the yard. Therefore, on occasion, some inmates have used a corner of the yard to relieve themselves, which he believes is unsanitary. He also is upset with the shower scheduling. He states that in the winter time, just as he has come in from the cold outdoor temperatures of the yard, he is taken to the shower. Apparently he would prefer to wait until he warms up in his cell, and he thinks that having a shower when he is cold will somehow jeopardize his health.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

Neither of these elements is suggested by Plaintiff's allegations regarding the yard or his shower scheduling. Therefore, he has failed to state a claim upon which relief may be granted, and Count 3 is dismissed from this action with prejudice.

### COUNT 4

Plaintiff alleges that Defendant Shores harassed him and then fabricated charges in a disciplinary ticket, but no other information about this incident is presented in the complaint. Exhibits attached to the complaint indicate that Plaintiff was charged with and found guilty of assault and insolence; he was punished with one month in C-grade, one month in segregation, and the loss of one month of commissary privilege (Exh. G, Doc. 1-3 at 8-12). It further appears that Defendants Ramos, Vasquez, and Uchtman were also involved with this proceeding in some manner.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to disciplinary segregation for one month. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim is without merit, and Count 4 is dismissed from this action with prejudice.

**COUNT 5**

Plaintiff alleges, vaguely, that while he was in segregation, his religious medallion was confiscated. The law is clear that a prisoner retains his or her First Amendment right to practice his religion, subject to prison regulations that do not discriminate between religions and are reasonably related to legitimate penological objectives. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987); *Turner v. Safley,* 482 U.S. 78, 89 (1987); *Sasnett v. Litscher,* 197 F.3d 290, 292 (7th Cir. 1999). From the exhibits attached to the complaint, it appears that the medallion was returned to him. Furthermore, he makes no allegation as to how his religious practices were impeded by this temporary confiscation. Finally, he fails to specify who was responsible for these decisions. Therefore, he has failed to state a claim upon which relief may be granted, and Count 5 is dismissed.

**COUNT 6**

Plaintiff's final claim is that in protective custody, inmates are not allowed to visit the law library. Instead, they may only use the satellite library in their housing unit, which requires them to place written requests for legal materials, copies, and other assistance. Plaintiff alleges that such practices are designed to thwart research efforts and to cause inmates to miss court deadlines.

"[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.*

In this case, Plaintiff fails to allege any detriment to any specific litigation. Furthermore, he makes no allegations of actions or inactions taken by any specific individual. Therefore, he has failed to state a claim upon which relief may be granted, and Count 6 is dismissed from this action with prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that **COUNT 2, COUNT 3, COUNT 4, COUNT 5**, and **COUNT 6** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **RAVANAM, SHORES,** and **UCHTMAN** are **DISMISSED** from this action with prejudice, as no other claims remain pending against them.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **GOFORTH, MUELLER, MOORE, MURRAY, MILLER, WALLER, VASQUEZ, MCDANIELS, RAMOS, MEEK** , and **WALKER**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **GOFORTH, MUELLER, MOORE, MURRAY, MILLER, WALLER, VASQUEZ, MCDANIELS, RAMOS, MEEK**, and **WALKER** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from Illinois Department of Corrections pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of

the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED: 8/14/07


s/ *G. Patrick Murphy*
G. Patrick Murphy
Chief United States District Judge