IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EDWARD C. HANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 06-195-GPM |
| | ) | |
| ANTHONY A. RAMOS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court initially denied Plaintiff's motion for appointment of counsel, finding the motion to be premature (*see* Docs. 3, 6). That denial was without prejudice, and Plaintiff was told that he could "again seek appointment of counsel" in the future, should he deem it necessary. That time has come, but Plaintiff did not file a new motion to appoint counsel. Instead, he filed a motion to reconsider the original denial (Doc. 19).

It is well-settled that a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. A federal court may, however, reconsider an interlocutory order pursuant to its inherent powers. *See United States v. Jerry*, 487 F.2d 600, 604-05 (3$^d$ Cir. 1973); *accord Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991) ("Rule 60(b) [is] not available for relief from an interlocutory order. Rule 59 (e) is equally applicable only to a final judgment."). The Supreme Court has stated: "[I]f an interlocutory decree be involved, a rehearing may be sought at any time before final decree, provided due diligence be employed and a revision be otherwise consonant with equity." *John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 90-91 (1922); *see also* FED. R. CIV. P. 60, Advisory Committee Note on 1946 Amendment to Subdivision

(b) ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.").

Indigent *civil* litigants have no constitutional or statutory right to be represented by counsel in federal court. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997); *Dellenbach v. Hanks*, 76 F.3d 820, 823 (7th Cir. 1996). Nonetheless, the Court may request that an attorney handle the case. *Forbes,* 112 F.3d at 264; *Dellenbach,* 76 F.3d at 823. The Seventh Circuit has set forth specific factors which guide the district court's decision to appoint counsel. These factors include the merits of the indigent's claim, the indigent's ability to investigate the facts without the assistance of counsel, whether the nature of the evidence indicates that the truth will more likely be exposed if both sides are represented by counsel, the indigent's ability to present the case, and the complexity of the legal issues presented by the case. *See e.g. Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981). Whether to ask an attorney to handle the case is left to the Court's discretion.

In light of the foregoing factors, when motions for appointment of counsel are raised in *in forma pauperis* cases, the district court must make a preliminary inquiry before granting any such motion. That is, the Court must determine whether the indigent litigant has made any attempts on his own to obtain an attorney. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). Plaintiff's motion reflects that he has made numerous attempts to find counsel to take his case, but he has been entirely unsuccessful. Having considered this and the other factors, the Court finds appointment of counsel warranted in this case.

Accordingly, the motion to reconsider (Doc. 19) is **GRANTED**. The Court **APPOINTS**

attorney **Thomas Q. Keefe, III**, 6 Executive Woods Ct., Belleville, IL 62226, to represent Plaintiff in this action.  The Clerk of Court shall send a copy of this Order to attorney Keefe.

**IT IS SO ORDERED.**

DATED: 5/5/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge